**UNITED STATES of America,**
**Plaintiff,**

v.

**3,296.82 ACRES OF LAND, MORE OR LESS, Situate IN MARICOPA COUNTY, ARIZONA, Citrus Valley Farms, et al., and Unknown Owners, Defendants.**
**Civ. No. 3084.**

United States District Court
D. Arizona.

Oct. 9, 1963.

174

C. A. Muecke, U. S. Atty., and Arthur E. Ross, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

McKesson, Renaud & Cook, by J. Gordon Cook, Phoenix, Ariz., for defendant.

LING, District Judge.

This is a condemnation action to acquire land needed for the construction of the Painted Rock Dam and Reservoir flood control project in the Gila River Basin in Maricopa County, Arizona, authorized by the Act of Congress approved May 17, 1950, 64 Stat. 176.

The defendant, Citrus Valley Farms, owned 2,340.24 acres within the area condemned, and as of the date of taking was raising cotton under a 550.7-acre cotton allotment made pursuant to the provisions of the Agricultural Adjustment Act, 7 U.S.C. (1958 ed.) Supp. III, Sections 1341 et seq.

Under that Act the Secretary of Agriculture determines, on the basis of the estimated demand and supply, whether there will be a cotton quota for a given year (Section 1342). When, and if, the quota for a particular year has been determined by the Secretary, it then must be approved by a referendum of farmers (Section 1343). If approved, the Secretary is then required by Section 1342 to proclaim a national acreage allotment of cotton for the entire country. The total allotment is divided among the states; the state committees divide it among the counties; and county committees divide it among the farms in the county (Section 1344). The allotments allocated are not personal but attach only to farms which have cotton production history. Cotton produced over and above allotted acreage subjects a farmer to approximately a 50 per cent penalty (Section 1346).

Section 1378 of the Act provides in part as follows:

"(a) Notwithstanding any other provision of this chapter, the allotment determined for any commodity for any land from which the owner is displaced because of acquisition of the land for any purpose, other than for the continued production of allotted crops, by any Federal, State, or other agency having the right of eminent domain shall be placed in an allotment pool and shall be available only for use in providing allotments for other farms owned by the owner so displaced. * * * *"

The section further provides that the former owner of the condemned land will lose his allotment if he does not take it out of the pool in three years and apply it to other land. However, under Section 1344 an owner of uncondemned land can also lose his allotment by not using it.

In accordance with Section 1378, defendant transferred its cotton allotment to other land subsequent to the date of taking; but now contends that the condemned property must be valued as a cotton farm, i. e., that just compensation should include the value of the allotment. It is the Government's position that the allotment was not taken and any enhancement of value attaching to land by reason of the allotment should not be considered in determining the compensation to be paid as a result of the condemnation.

The parties in their requests for pretrial rulings have asked the Court to determine in advance of trial how just compensation to be paid Citrus Valley Farms for its interest in the condemned property should be measured.

The modern federal condemnation statutes, Title 40 U.S.C. Sections 257 and 258a–258f, recognize that the Govern-

ment, in exercising its power of eminent domain, may take less than all the owner's rights and privileges, i. e., some of the owner's rights may be taken and not others. (Example: Condemnation of a leasehold.) Ownership consists of a "bundle of rights." Ordinarily the condemnation of the fee simple estate involves taking all the owner's rights, for they are usually included in the fee. But here the owner retained the right to apply the cotton allotments to other land. This latter right was not taken in the instant case, being specifically reserved to the owner by Title 7 U.S.C. Section 1378. Not being taken, it is not compensable.

The enactment of Congress, 7 U.S.C. (1958 ed.) Supp. III, Section 1378, protected the displaced farmer from being ousted from his occupation. The act gives the displaced farmer the right to continue growing a specified amount of cotton, without penalty, from which he can make a profit. In the instant case, the landowner has already taken advantage of this provision. Upon condemnation, the allotment was automatically separated from the land comprising the farm and moved pursuant to the above-mentioned statutory provisions to other land of the condemnee. It is the allotment and not a particular piece of land that keeps the cotton farmer in business.

The Government is not putting the defendant out of its occupation of growing cotton. Indeed, it must be recognized that such a legislative regulation could be changed or withdrawn at any time by the Congress without compensation. The United States is not required to pay compensation for the withdrawal of a benefaction—a bare privilege or benefit which it has itself conferred. United States v. Miller, 317 U.S. 369, 375, 63 S.Ct. 276, 87 L.Ed. 336 (1943). For defendant to profit twice, by transferring the allotment from the condemned land to other land and at the same time requiring the Government to pay for the condemned land as enhanced by such allotment, is clearly beyond the legislative intent and would constitute a windfall beyond the

relief which the Congress has already seen fit to grant. Compensation must be just to the public as well as to the condemnee. Bauman v. Ross, 167 U.S. 548, 549, 574, 17 S.Ct. 966, 42 L.Ed. 270 (1897); Searl v. School District No. 2, of Lake County, 133 U.S. 553, 562, 10 S. Ct. 374, 33 L.Ed. 740 (1890); Bibb County, Georgia v. United States, 249 F.2d 228, 230–231 (C.A. 5, 1957). The Government pays only for what it takes.

Under 7 U.S.C. Sec. 1378, the Federal Government did not acquire the allotment. Thus, land without the allotment is all the Government has taken pursuant to the congressional statute and is all the Government must pay for under the Fifth Amendment.

The Court is of the opinion that the cotton allotment on Citrus Valley Farms was not condemned by the Government, and just compensation for the land taken should not include any enhancement by reason of the allotment. The condemned land should be valued as agricultural land, suitable for the production of cotton, but without a cotton allotment.